**NOT FOR PUBLICATION**

<u>UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY</u>

|  |  |
|---|---|
| MARK A. JONES, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF NEWARK, NEW JERSEY DEPARTMENT OF CORRECTIONS AND CITY OF NEWARK, <br><br> Defendants. | Civil Action No. 04-4052 (JAG) <br><br> **OPINION** |

<u>**GREENAWAY, JR., U.S.D.J.**</u>

This matter comes before this Court on the motion to dismiss the Complaint by Defendant City of Newark ("Defendant"), pursuant to FED. R. CIV. P. 12(b)(6). For the reasons set forth below, Defendant's motion to dismiss will be granted in part and denied in part.

**I.   BACKGROUND**

Plaintiff Mark A. Jones ("Jones" or "Plaintiff") was arrested on March 23, 2002 when officers from the Newark Police Department raided Sights, a club located in Newark, New Jersey. (Compl. ¶¶ 1, 3, 6.) Jones was ultimately charged with promoting prostitution. (Compl. ¶ 16.) On or about March 27, 2002, Jones was suspended without pay by his employer, the New Jersey Department of Corrections. (Compl. ¶ 12.) On March 10, 2003, the court dismissed all charges against Jones, citing failure to prosecute. (Compl. ¶ 21.)

On August 17, 2004, Jones initiated the instant action against Defendant and the New Jersey Department of Corrections (the "NJDOC"), alleging causes of action under 42 U.S.C. §§ 1983, 1985, and 1986, as well as state law claims of malicious prosecution, intentional infliction of emotional distress, and willful violation of the public policy of the State of New Jersey.[1] Several days later, on August 20, 2004, counsel for Plaintiff unexpectedly passed away. (Cert. of Mark Jones ¶ 14.)[2]  As a result, this Court entered an order on October 6, 2004 (the "October 6, 2004 Order") which administratively terminated this action, without prejudice to the right of the parties to reopen the proceedings, for good cause, to obtain a final determination in the case. (Docket Entry No. 2.)  Jones secured a new attorney, who filed a Notice of Appearance with this Court on March 21, 2007.  (Docket Entry No. 3.)  On April 4, 2007, in light of Plaintiff's securement of counsel, this Court entered an order reopening the case.  (Docket Entry No. 4.)  Thereafter, Plaintiff served copies of the Complaint on both the Defendant and the NJDOC.[3] (Docket Entries No. 8, 9.)

In response, Defendant filed a motion to dismiss on May 4, 2007.  Defendant's brief

---

[1] The Complaint, dated August 17, 2004, was filed with this Court on August 24, 2004. (Docket Entry No. 1.)

[2] Rule 12(b)(6) states that courts may look to the allegations in the complaint and matters of public record when resolving a motion to dismiss. Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998).  Although information surrounding the death of Plaintiff's counsel was not contained in the Complaint, information regarding dates of death are matters of public record that may be considered by this Court without converting the motion to dismiss into one for summary judgment.  See Norfolk S. Ry. Co. v. Shulimson Bros. Co., 1 F. Supp. 2d 553, 555 n.1 (W.D.N.C. 1998).

[3] On August 29, 2007, this Court entered an order approving the stipulation to dismiss, without prejudice, the New Jersey Department of Corrections as a defendant in this action. (Docket Entry No. 15.)

alleges that the state law claims raised in the Complaint should be dismissed because Jones failed to file a notice of claim within the time frame set forth in the New Jersey Tort Claims Act (the "NJTCA"). The brief also argues that Plaintiff's claims for excessive force and false arrest are time barred under the applicable statute of limitations. Last, Defendant argues that the Complaint should be dismissed in its entirety under FED. R. CIV. P. 4(m) and under the doctrine of laches.

## II. ANALYSIS

### A. Governing Legal Standard

Standard for a Rule 12(b)(6) Motion to Dismiss

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1959 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 127 S. Ct. at 1959. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id.

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-

moving party.  See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994).  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim.  See In re Warfarin Sodium, 214 F.3d 395, 397-98 (3d Cir. 2000).  That is, a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1960 (abrogating Conley, 355 U.S. 41). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000).  While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997).  "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'"  Kost v. Kozakewicz, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357 at 340).

       The court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint, and matters of public record.  See W. Penn Power Co., 147 F.3d at 259; 5A Wright & Miller, Fed. Practice & Procedure: Civil 2d § 1357. "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  "[A] 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary

judgment."' Id. (emphasis in original) (quoting Shaw v Digital Equip. Corp., 82 F.3d 1194, 1220 (1st Cir. 1996)).  Any further expansion beyond the pleading, however, may require conversion of the motion into one for summary judgment.  FED. R. CIV. P. 12(b).

**B.     Defendant's Motion To Dismiss**

    1.     Plaintiff's State Law Claims Should Be Dismissed Because Plaintiff Did Not File A Notice of Claim Pursuant To The New Jersey Tort Claims Act

Defendant argues that Jones' state law claims should be dismissed because Jones failed to file a notice of claim under the NJTCA.  The NJTCA requires a plaintiff to file a notice of claim against a public entity within ninety days after the cause of action accrues.  N.J. STAT. ANN. § 59:8-8.  For purposes of the NJTCA, a cause of action accrues when the alleged injury occurs. Muhammad v. N.J. Dept. of Corr., No. 05-5001, 2007 WL 2318480, at *4 (D.N.J. Aug. 9, 2007).

The New Jersey Supreme Court held in Velez v. City of Jersey City that this notice requirement also applies to intentional tort claims.  850 A.2d 1238, 1244 (N.J. 2004).  However, the New Jersey Supreme Court "noted that its holding applied prospectively to all similar causes of action accruing after the date of this opinion," which was issued on June 29, 2004.  Garcia v. New Jersey, No. 06-435, 2006 WL 3490348, at *5 (D.N.J. Dec. 1, 2006) (citing Velez, 850 A.2d at 1246).  Plaintiff's state law causes of action accrued, at the latest, on March 10, 2003, when the charges against Jones were dismissed. Therefore, the New Jersey Supreme Court's holding in Velez does not apply to this case. Accordingly, Defendant's motion to dismiss the state law claims pursuant to the NJTCA will be denied.

2.      Plaintiff's Section 1983 Claims For False Arrest, Excessive Force, And Cruel And Unusual Punishment Should Be Dismissed Because They Are Barred By The Two-Year Statute Of Limitations

Defendant argues that the false arrest and excessive force claims raised in the Complaint are barred by the applicable two-year statute of limitations.  Plaintiff responds by arguing that the Complaint is based upon allegations of baseless and wrongful prosecution, and not false arrest or excessive force.  However, Count One of the Complaint alleges violations of the Fifth and Fourteenth Amendments based on "the improper arrest and prosecution of the Plaintiff," and Count Three of the Complaint alleges violations of Section 1983 based on Defendant's alleged use of "excessive force and cruel and unusual punishment . . . ." (Compl. 5-6.) Since Count Three incorporates all allegations raised in Count One, Plaintiff's Section 1983 claim rests upon (1) false arrest, (2) malicious prosecution, (3) excessive force, and (4) cruel and unusual punishment.  Thus, this Court will analyze whether the statute of limitations bars each of Plaintiff's four Section 1983 claims.

In order to discern the length of the statute of limitations for a Section 1983 claim, courts must look to the state law statute of limitations for personal-injury torts.  Wallace v. Kato, 127 S. Ct. 1091, 1094 (2007).  The applicable statute of limitations under New Jersey law is set forth in N.J. STAT. ANN. § 2A:14-2, which imposes a two-year limit on actions for personal injury torts. O'Connor v. City of Newark, 440 F.3d 125, 126-27 (3d Cir. 2006) (emphasis omitted); Backof v. N.J. State Police, 92 Fed. App'x 852, 855 (3d Cir. 2004).  Federal law, which dictates the accrual date of a Section 1983 claim, specifies that the clock begins when "the plaintiff has a complete and present cause of action." Wallace, 127 S. Ct. at 1095; Hurst v. Trader, 223 Fed. App'x 128, 131 (3d Cir. 2007) (holding that the statute of limitations runs from the date on which plaintiff

6

knew or should have known of the injury forming the basis of the Section 1983 action).

With the exception of Jones' malicious prosecution allegation, all of Jones' Section 1983 claims accrued on March 23, 2002, when Jones was arrested.[4]  Thus, Jones had to initiate the Section 1983 claims for false arrest, excessive force, and cruel and unusual punishment by March 22, 2004 in order to fall within the ambit of the two-year statute of limitations.  To the contrary, Plaintiff filed the Complaint on August 24, 2004, well over two years after the causes of action accrued.  Jones' claims for false arrest, excessive force, and cruel and unusual punishment must be dismissed as time barred.  However, Jones' Section 1983 claim for malicious prosecution did not accrue until the completion of the proceedings against Jones.  See Backof, 92 Fed. App'x at 855.  Because the charges against Plaintiff were dismissed on March 10, 2003, Plaintiff filed the Complaint within the two-year statute of limitations period.  Therefore, while Plaintiff's Section 1983 claims for false arrest, excessive force, and cruel and unusual punishment are time barred, Plaintiff's Section 1983 claim for malicious prosecution does not violate the statute of limitations.

    3.    The Doctrine of Laches Does Not Impede Plaintiff From Litigating This Case

Defendant argues, unsuccessfully, that the doctrine of laches should prevent Jones from continuing to litigate this civil action because over two years had elapsed before Jones secured a new attorney.  "Laches is an equitable defense that may be interposed in the absence of the

---

[4] To support the Section 1983 claim for cruel and unusual punishment, the Complaint may be relying on the allegation that officers photographed Jones subsequent to his arrest and broadcasted the photographs on television the day after the arrest. (Compl. ¶¶ 7-10.)  However, assuming these facts form the basis of Plaintiff's Section 1983 claim for cruel and unusual punishment, the claim accrued, at the latest, on March 24, 2002, when Jones learned of the broadcast of the pictures.  Using this accrual date, Plaintiff's Section 1983 claim for cruel and unusual punishment still does not withstand dismissal under the two-year statute of limitations.

statute of limitations, and is defined as an inexcusable delay in asserting a right." Mancini v. Twp. of Teaneck, 824 A.2d 160, 164 (N.J. Super. Ct. App. Div. 2003) (quotations omitted).  That is, if a plaintiff unreasonably delays in filing suit against a defendant, and the delay prejudices the defendant's rights, the doctrine of laches bars the plaintiff from litigating the action. Id.  In determining whether to apply the doctrine of laches, courts consider the length of the delay, the reasons for the delay, and any changing conditions among the parties. Nw. Covenant Med. Ctr. v. Fishman, 770 A.2d 223, 244 (N.J. 2001).  Emphasis is placed upon whether there has been a general change in a party's condition during the passage of time that would make it inequitable to allow the claim to proceed. Id.

Defendant has not demonstrated that Plaintiff's delay in securing new counsel was unreasonable.  In light of the unexpected death of Plaintiff's counsel, this Court administratively terminated the case, "without prejudice to the right of the parties to reopen the proceedings for good cause shown . . . ." (Order, Oct. 5, 2004.)  The administrative closing placed the case in an inactive status, until the parties, or the judge, chose to reactivate the case or impose a final disposition. See Penn West Assoc., Inc. v. Cohen, 371 F.3d 118, 127-28 (3d Cir. 2004).  The October 5, 2004 Order did not include a timetable by which Jones must secure counsel and request reactivation of the case, which further supports the propriety of Jones' actions. Id. at 128 (upholding district court's decision to re-open case for trial, as per plaintiff's request, three years after the district court administratively terminated the case).  Given the unforeseen circumstances that caused an abrupt and sudden halt to Plaintiff's representation by counsel, Plaintiff's delay in securing a new attorney hardly suffices as unreasonable.

Defendant is also unsuccessful in showing that it was substantially prejudiced by Jones'

delay in securing new counsel.  "The second prong of [the doctrine of] laches requires more than merely the passage of time; it requires a showing of actual prejudice caused by the delay."  Mancini, 824 A.2d at 164.  Defendant offers no argument that it was prejudiced by Jones' delay, and thus has not satisfied the two-prong test used to determine the validity of the doctrine of laches defense.  Because Jones secured counsel without causing an unreasonable delay in the case or substantial prejudice to the Defendant, the doctrine of laches does not bar Plaintiff's claims.

    4.    Plaintiff's Timing in Serving the Summons and Complaint Do Not Warrant Dismissal of This Action

Defendant's final argument in its motion to dismiss alleges untimely service of process, in violation of FED. R. CIV. P. 4(m).  Rule 4(m) requires a plaintiff to serve the summons and complaint upon a defendant within 120 days after the complaint is filed.  However, federal courts must extend the time for service if the plaintiff demonstrates good cause.  Cain v. Abraxas, 209 Fed. App'x 94, 96 (3d Cir. 2006).  Good faith effort and a reasonable basis for noncompliance constitute good cause sufficient to avoid dismissal of the case.  Id.

However, "if goodcause [sic] is not shown, the district court may, in its discretion, decide whether to dismiss the case without prejudice or extend the time for service."  Id.  The Third Circuit has noted that the Advisory Committee notes for Rule 4 provide guidance regarding whether the district court should exercise its discretionary power to grant an extension.  Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305-06 (3d Cir. 1995).  The Advisory Committee notes expressly state that the expiration of the statute of limitations may justify an extension.  Sene v. MBNA Amer., Inc., No. 04-1331, 2005 WL 2304181, at *3 (D. Del. 2005).

Plaintiff did not effectuate service of process within the 120 day time limit because his attorney unexpectedly died days after the Complaint was filed. Plaintiff served the Summons and Complaint seventeen days after Plaintiff obtained a new attorney. Surely the death of Plaintiff's counsel suffices as good cause mandating an extension of the time for service.[5]

Even if Plaintiff's explanation does not constitute good cause requiring this Court to extend the time for service, the explanation urges this Court to exercise its discretionary authority to grant an extension. In Farrace v. United States Department of Justice, plaintiff failed to serve the summons and complaint upon opposing counsel pursuant to the timetable set forth in Rule 4(m) because plaintiff's attorney had a death in the family and problems with his office staff. The district court granted plaintiff an extension for service of process because, in addition to the difficult circumstances faced by plaintiff's attorney, the statute of limitations would have barred Plaintiff from refiling the action if the court had dismissed the case without prejudice. 220 F.R.D. 419, 422 (D. Del. 2004).

In this case, Plaintiff's attorney passed away, leaving Plaintiff without counsel to effectuate or confirm service of process. Moreover, as explained supra in Section II, B, the statute of limitations on Plaintiff's Section 1983 malicious prosecution claim will have expired if this Court dismisses the case without prejudice under Rule 4(m). These factors support this Court's use of its discretionary authority to grant an extension of time for service of process.

---

[5] In addition, this Court's administrative termination of this case may have tolled the 120 day time limit within which Plaintiff had to serve the Summons and Complaint. As such, Plaintiff's service of the Summons and Complaint seventeen days after the case was reactivated would satisfy Rule 4(m). However, this Court need not decide this issue, as there exists an independent basis for granting Plaintiff an extension of time for service of process.

### III.  CONCLUSION

For the reasons set forth above, Defendant's motion to dismiss will be granted in part and denied in part.  Plaintiff's state law claims of malicious prosecution, intentional infliction of emotional distress, and willful violation of the public policy of the state of New Jersey will not be dismissed based on Plaintiff's failure to file a notice of claim, pursuant to the NJTCA, because the NJTCA's time limit applies only to intentional tort claims that accrued on or after June 29, 2004.  Defendant's request for dismissal under the doctrine of laches and under FED. R. CIV. P. 4(m) likewise fail due to the unexpected death of Plaintiff's counsel and Plaintiff's resultant need for time to secure new counsel.

As for Defendant's statute of limitations defense, this Court dismisses Plaintiff's Section 1983 claims for false arrest, excessive force, and cruel and unusual punishment, as untimely. However, Plaintiff's Section 1983 malicious prosecution claim is not barred by the statute of limitations.


Dated: December 10, 2007


 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.