**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MARK A. JONES, : | |
|       Plaintiff, : | Civil Action No. 04-4052 (JAG) |
|       v. : | **OPINION** |
| NEW JERSEY DEPARTMENT OF : | |
| CORRECTIONS AND CITY OF : | |
| NEWARK, : | |
|       Defendants. : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion by defendant, City of Newark ("City of Newark" or "Defendant")[1] seeking the grant of summary judgment, pursuant to FED. R. CIV. P. 56(c), against plaintiff, Mark Jones ("Plaintiff"). For the reasons set forth below, this motion shall be granted.[2]

---

[1] Defendant New Jersey Department of Corrections was dismissed, without prejudice, pursuant to a stipulation of dismissal entered on August 29, 2007. (Docket Entry No. 15.)

[2] Defendant seeks the grant of summary judgment, pursuant to FED. R. CIV. P. 56(c). Defendant also properly filed a statement of undisputed material facts, pursuant to Local Rule 56.1. At various instances in its brief, however, Defendant asks this Court to dismiss Plaintiffs' claims, with prejudice. The grant of summary judgment and the dismissal of the Complaint, with prejudice, are inconsistent. This Court will disregard the references to the dismissal of Plaintiffs' Complaint and treat Defendant's motion as one for the grant of summary judgment. See Cheminor Drugs, Ltd. v. Ethyl Corp., 168 F.3d 119, 121 n.2 (3d Cir. 1999) ("[T]he grant of summary judgment and the dismissal of the complaint are inconsistent" procedurally. The resolution of a motion for summary judgment does not lead to a dismissal of the complaint, only the grant or denial of summary judgment.).

## I. **FACTUAL BACKGROUND**

The following facts are undisputed unless otherwise noted. On the night of March 23, 2002, Plaintiff was invited as a guest to a bachelor party, taking place at the Sights nightclub in Newark, New Jersey. (Plaintiff's Statement of Material Facts ("Pl. 56.1 Stmt.") ¶ 1; Defendant's Statement of Material Facts ("Def. 56.1 Stmt.") ¶ 1.) Plaintiff arrived at the party at approximately 12:30 a.m. (Pl. 56.1 Stmt. ¶ 1; Def. 56. 1 Stmt. ¶ 4.) Shortly thereafter, the Newark Police Department raided the nightclub, pursuant to a warrant, under the belief that there was illegal prostitution, drinking, and gambling taking place at the club. (Pl. 56.1 Stmt. ¶ 2; Def. 56. 1 Stmt. ¶¶ 22, 27.)

According to Defendant, an investigating officer observed Plaintiff's clothing and accessories, including a holstered firearm, and believed that Plaintiff was working security at the nightclub. (Def. 56. 1 Stmt. ¶¶ 24, 25.) On that basis, the Newark Police Department arrested Plaintiff. (Id. ¶ 27.) According to Plaintiff, he identified himself to the Newark police officers as a law enforcement officer and advised them that he was not an employee of the nightclub. (Pl. 56.1 Stmt. ¶ 3.) Notwithstanding Plaintiff's explanation, the police officers detained Plaintiff, together with all the employees of the nightclub. (Id.)

Following his arrest and detention, Jones initiated the instant action against Defendant, alleging causes of action under 42 U.S.C. §§ 1983, 1985, and 1986, as well as state law claims of malicious prosecution, intentional infliction of emotional distress, and willful violation of the public policy of the State of New Jersey. (Docket Entry No. 1.)[3] By Opinion and Order, dated December 10, 2007, this Court dismissed Plaintiff's Section 1983 claims for false arrest,

---

[3]The Complaint, dated August 17, 2004, was filed with this Court on August 24, 2004.

excessive force, and cruel and unusual punishment. (Docket Entry Nos. 16, 17.)[4] Defendant now moves for summary judgment as to Plaintiff's Section 1983 malicious prosecution claims and common law malicious prosecution claims.[5] (Docket Entry No. 22.)

## II. STANDARD OF REVIEW

Summary judgment is appropriate under FED. R. CIV. P. 56(c) when the moving party demonstrates that there is no genuine issue of material fact and the evidence establishes the moving party's entitlement to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Cascara v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002). A factual dispute is genuine if a reasonable jury could return a verdict for the non-movant, and it is material if, under the substantive law, it would affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). This Court shall "view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007) (citation omitted). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence . . . ." Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at

---

[4]The success of Plaintiff's Section 1985 and 1986 claims, alleging excessive force and cruel and unusual punishment, was dependent on the success of the similarly styled Section 1983 claim. Those claims were, thus, dismissed for the same reasons specifically enumerated in section 2(b)(II) of this Court's December 10, 2007 Opinion. The only remaining claim that has not been addressed is Plaintiff's state law claim for willful violation of public policy.

[5]Defendant also moved for summary judgment as to Plaintiff's claim for intentional infliction of emotional distress. Plaintiff concedes that there is no evidence supporting such a claim. (Plaintiff's Brief in Opposition to the Motion for Summary Judgment, p. 5.) After a review of the record and the relevant case law, this Court agrees. Defendant is entitled to summary judgment as to Count VII of the Complaint, alleging intentional infliction of emotional distress.

255).

When the moving party has the burden of proof on an issue at trial, that party has "the burden of supporting their motions 'with credible evidence . . . that would entitle [them] to a directed verdict if not controverted at trial.'"  In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003) (quoting Celotex, 477 U.S. at 331); see also United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) ("When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it . . . must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." (emphasis in original) (internal citations omitted).)

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists.  Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985).  The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial.  Anderson, 477 U.S. at 248; Siegel Transfer, Inc. v. Carrier Express, Inc., 54 F.3d 1125, 1130-31 (3d Cir. 1995).  "[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment."  Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990); see also FED. R. CIV. P. 56(e) (requiring nonmoving party to "set forth specific facts showing that there is a genuine issue for trial").  "If the motion does not establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented."  Foster v. Morris, 208 F. App'x 174, 179 (3d Cir. 2006).

## III.  ANALYSIS

Defendant has moved for summary judgment as to Plaintiff's claim for malicious prosecution, pursuant to common law and 42 U.S.C. § 1983.  Section 1983 subjects to liability: "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws."  42 U.S.C. § 1983.

Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  Albright v. Oliver, 510 U.S. 266, 271 (1994) (citing Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)).  "The first step in any [§ 1983] claim is to identify the specific constitutional right allegedly infringed."  Albright, 510 U.S. at 271 (citing Graham v. Connor, 490 U.S. 386, 394 (1989), and Baker, 443 U.S. at 140).  To establish a viable Section 1983 claim, a plaintiff must demonstrate that "the conduct complained of was committed by a person acting under color of state law" and that the "conduct deprived the plaintiff of his rights, privileges and immunities secured by the Constitution or laws of the United States."  Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993) (quoting Parratt v. Taylor, 451 U.S. 527, 535 (1981) overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)).

"[T]o establish municipal liability, a plaintiff must prove either (a) an official policy or custom which results in constitutional violations or (b) conduct by officials in authority evincing implicit authorization or approval or acquiescence in the unconstitutional conduct."  Popow v. City of Margate, 476 F. Supp. 1237, 1245 (D.N.J. 1979) (citing Monell v. Dept. of Soc. Serv. of

5

New York., 436 U.S. 658 (1978)).

Section 1983 recognizes actions for malicious prosecution. See Lee v. Mihalich, 847 F.2d 66, 70 (3d Cir. 1988), abrogated in part by Albright v. Miller, 510 U.S. 266 (1994) (plurality opinion). To prevail in a Section 1983 malicious prosecution action, a plaintiff must show:

> (1) the defendants initiated a criminal proceeding;
> (2) the proceeding terminated favorably to the plaintiff;
> (3) the proceeding was initiated without probable cause;
> (4) the defendants acted with malice or for a purpose other than bringing the plaintiff to justice; and
> (5) the plaintiff suffered a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

See DiBella v. Borough of Beachwood, 407 F.3d 599, 601 (3d Cir. 2005) (citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)).[6]

In the instant action, Plaintiff's federal and common law malicious prosecution claims must fail, as a matter of law, because there is no evidence that Defendant acted with the requisite malicious intent. The sole defendant, the City of Newark, is a municipality, incapable of acting with malice. See O'Connor v. Harms, 266 A.2d 605, 607 (N.J. Super. Ct. App. Div. 1970) ("But a public corporation, such as a city or other public body, by reason of its [sic] being an artifical [sic] legal entity created by law to perform limited governmental functions, cannot entertain malice, as a public corporation. . . . [W]here 'malice' is an essential ingredient of the tort, a city or comparable public agency is not vicariously liable for the personal malice of the city's officers

---

[6]The standard for common law malicious prosecution claims mirrors the federal standard, excepting the fifth requirement. Thus, in New Jersey, in order to succeed on a claim for malicious prosecution, a plaintiff "must prove that the defendant (1) instituted proceedings (2) without probable cause and (3) with legal malice and (4) that the proceedings terminated in favor of the plaintiff." Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1197 (3d Cir. 1993) (citing Westhoff v. Kerr Steamship Co., 530 A.2d 352 (N.J. Super. Ct. App. Div. 1987)).

or employees in performing their public duties."); see also Somers Constr. Co. v. Bd. of Educ., 198 F. Supp. 732, 738 (D.N.J. 1961) (applying state law).[7]

Plaintiff is unable to prove an essential element of his claim for malicious prosecution. Thus, in the instant action, there is no genuine issue as to any material fact. The City of Newark is entitled to summary judgment as to Plaintiff's Section 1983 and common law malicious prosecution claims.

## IV. CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment shall be granted.


      S/Joseph A. Greenaway, Jr.
      JOSEPH A. GREENAWAY, JR., U.S.D.J.


Date: September 28, 2009

---

[7]This Court is perplexed by Plaintiff's decision to aver malicious prosecution charges against the municipality, but not the specific individuals in the employ of the Newark Police Department. In its review of the case law, this Court has not found a single case in the Third Circuit squarely addressing the issue of whether a defendant municipality can be found directly liable for malicious prosecution, under federal or state law, without a finding of malice by its employees. Cf. Hardy v. Town of Hayneville, 50 F. Supp. 2d 1176, 1191 (M.D. Ala. 1999) (noting that under Alabama law, municipalities cannot be deemed to act with malice, for purposes of malicious prosecution claims); McIntosh v. City and County of Denver, 55 P.2d 1337, 1338 (Colo. 1936) (applying state law and explaining that a city, as an artificial entity, cannot, by itself, entertain malicious intent).
    Notwithstanding the dearth of directly relevant precedent, in addition to Hardy and McIntosh, this Court finds persuasive the reasoning in O'Connor and Somers, cases examining alleged malicious interference with contracts. Albeit in dicta, both cases cast doubt on the notion that a municipality is capable of acting with malice. O'Connor, 266 A.2d at 607 (citing McIntosh and explicitly rejecting the argument that a municipality is capable of acting with malice); Somers, 198 F. Supp. at 739 ("Moreover, it is doubtful that a governmental body such as a board of education can entertain a malicious intent.").