NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK A. JONES, ) | |
| ) | |
| Plaintiff, ) | Hon. Garrett E. Brown, Jr. |
| ) | |
| v. ) | Civil Action No. 04-4052 (GEB) |
| ) | |
| CITY OF NEWARK, ) | **MEMORANDUM OPINION** |
| ) | |
| Defendant. ) | |

**BROWN, Chief Judge:**

This matter comes before the Court on Plaintiff's motion for reconsideration (Doc. No. 28) of the September 28, 2009 Opinion and Order (Doc. Nos. 26, 27 ("September 28 Opinion")) issued by the Honorable Joseph A. Greenaway, Jr., then District Judge and now Circuit Judge. For the following reasons, Plaintiff's motion will be denied.[1]

It is well settled that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Courts will only grant reconsideration in the following circumstances: (1) when intervening changes in controlling law occur; (2) when previously unavailable evidence comes to light; or (3) when "necessary to correct a clear error of law or prevent manifest injustice." *Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp.*, 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citation omitted); *see also N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). Reconsideration is "an extraordinary

---

[1] This matter was reassigned to the undersigned by Order of July 15, 2010.

remedy" that is to be granted "very sparingly." *In re Lord Abbett Mut. Funds Fee Litig.*, 417 F. Supp. 2d 624, 627 (D.N.J. 2005) (quoting *Yurecko v. Port Auth. Trans-Hudson Corp.*, 279 F. Supp. 2d 606, 608 (D.N.J. 2003)). "[A] motion for reconsideration is not an appeal." *Feit v. Great-West Life & Annuity Ins. Co.*, 460 F. Supp. 2d 632, 643 (D.N.J. 2006). A party may not "ask the court to rethink what it ha[s] already thought through—rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting *Above the Belt v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va.1983)).

At issue in this case was whether Defendant City of Newark could be held liable for the malicious prosecution of Plaintiff.[2] Judge Greenaway concluded that Plaintiff's federal and common law malicious prosecution claims failed as a matter of law because there was no evidence that Defendant acted with the requisite intent. September 28 Opinion at 6–7. The Court based its decision on the common law rule recognized in *O'Connor v. Harms* that a municipality, by itself, is incapable of acting with malice. *See O'Connor*, 111 N.J. Super. 22, 26–27 (App. Div. 1970) ("[A] public corporation, such as a city or other public body, by reason of its [sic] being an artifical [sic] legal entity created by law to perform limited governmental functions, cannot entertain malice, as a public corporation. . . . [W]here 'malice' is an essential ingredient of the tort, a city or comparable public agency is not vicariously liable for the personal malice of the city's officers or employees in performing their public duties."). Thus, the Court granted Defendant's motion for summary judgment, concluding that no genuine issue as to any material fact existed, because Plaintiff could not prove an essential element of his malicious

---

[2]Co-Defendant New Jersey Department of Corrections was dismissed, without prejudice, pursuant to a stipulation of dismissal entered on August 29, 2007. (Doc. No. 15.)

prosecution claim.  September 28 Opinion at 7.

In moving for reconsideration, Plaintiff argues that two Third Circuit cases specifically found that a municipal entity could be found to have acted with malice, and, thus, could be held liable under a theory of malicious prosecution.  *See Lippay v. Christos*, 996 F.2d 1490 (3d Cir. 1993); *Simmons v. Philadelphia*, 947 F.2d 1042 (3d Cir. 1991).  Yet, these cases did not address a municipality's legal capacity to act with malice.  *Lippay* generally addresses the appropriate standard for malice in malicious prosecution cases, but it did not consider a municipal entity's ability to act with malice.  *Lippay*, 996 F.2d at 1502–03.  *Simmons*, on the other hand, dealt with the appropriate evidentiary standard for establishing a municipality's unlawful policy or custom, for purposes of a § 1983 claim, of deliberate indifference to the medical needs of suicidal detainees.  *Simmons*, 947 F.2d at 1059.  Because the plaintiff in *Simmons* sought to impute municipal liability on the basis of the conduct of a police officer who was named as a co-defendant, the *Simmons* court did not address whether a municipality, by itself, could commit an intentional tort.  Indeed, the lead opinion in *Simmons* explained that a plaintiff asserting a municipal policy or custom of deliberate indifference would have to "present[] evidence of such indifference on the part of lawmakers or other officials with the authority to make municipal policy."  *Id.* (Opinion Announcing Judgment of the Court).  Thus, the Court does not read *Simmons* to abrogate the common law rule recognized in *O'Connor* that a municipal entity is incapable of committing an intentional tort.

Here, the Complaint does not allege that a specific officer or officers committed acts of malicious prosecution, and no officers have been named as defendants.  A number of courts have applied the *O'Connor* rule to bar claims that a municipality committed an intentional tort.  *See*

prosecution claim.  September 28 Opinion at 7.

In moving for reconsideration, Plaintiff argues that two Third Circuit cases specifically found that a municipal entity could be found to have acted with malice, and, thus, could be held liable under a theory of malicious prosecution.  *See Lippay v. Christos*, 996 F.2d 1490 (3d Cir. 1993); *Simmons v. Philadelphia*, 947 F.2d 1042 (3d Cir. 1991).  Yet, these cases did not address a municipality's legal capacity to act with malice.  *Lippay* generally addresses the appropriate standard for malice in malicious prosecution cases, but it did not consider a municipal entity's ability to act with malice.  *Lippay*, 996 F.2d at 1502–03.  *Simmons*, on the other hand, dealt with the appropriate evidentiary standard for establishing a municipality's unlawful policy or custom, for purposes of a § 1983 claim, of deliberate indifference to the medical needs of suicidal detainees.  *Simmons*, 947 F.2d at 1059.  Because the plaintiff in *Simmons* sought to impute municipal liability on the basis of the conduct of a police officer who was named as a co-defendant, the *Simmons* court did not address whether a municipality, by itself, could commit an intentional tort.  Indeed, the lead opinion in *Simmons* explained that a plaintiff asserting a municipal policy or custom of deliberate indifference would have to "present[] evidence of such indifference on the part of lawmakers or other officials with the authority to make municipal policy."  *Id.* (Opinion Announcing Judgment of the Court).  Thus, the Court does not read *Simmons* to abrogate the common law rule recognized in *O'Connor* that a municipal entity is incapable of committing an intentional tort.

Here, the Complaint does not allege that a specific officer or officers committed acts of malicious prosecution, and no officers have been named as defendants.  A number of courts have applied the *O'Connor* rule to bar claims that a municipality committed an intentional tort.  *See*

*Baldani v. Twp. of Millburn*, No. 07-4792, 2008 WL 4512939, at *8 (D.N.J. Sept. 25, 2008) (collecting cases).  Plaintiff has not demonstrated an error, let alone a clear error, in Judge Greenaway's application of *O'Connor* to Plaintiff's malicious prosecution claim against the City of Newark.  Nor has Plaintiff demonstrated a change in law or new evidence.  Accordingly, the extreme remedy of reconsideration is not warranted.

  For the foregoing reasons, this Court will deny Plaintiff's motion for reconsideration (Doc. No. 28).  An appropriate form of order accompanies this Memorandum Opinion.

Dated: August 9, 2010

                S/Garrett E. Brown, Jr.
                Garrett E. Brown, Jr., Chief Judge
                United States District Court